**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

JASON P. BROWN, :
: Civil No. 06-6095 (JBS)
        Plaintiff, :
:
   v. :
: **O P I N I O N**
CAMDEN COUNTY COUNSEL, :
et al., :
:
        Defendants. :
:

**APPEARANCES**:

    JASON P. BROWN, #03541-015, Plaintiff Pro Se
    F.C.I. Fairton
    P.O. Box 420
    Fairton, New Jersey  08320

**SIMANDLE**, District Judge

    Plaintiff Jason P. Brown, a prisoner incarcerated at FCI Fairton, seeks to file a Complaint without pre-payment of the filing fee.  This Court will grant prisoner in forma pauperis status pursuant to 28 U.S.C. § 1915, dismiss Defendants Camden County Counsel, Scibal Associates, and New Jersey Bureau of Risk Management, and allow the Fourth Amendment excessive force claim under 42 U.S.C. § 1983 to proceed against Defendant James Cowab. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).

**I.  BACKGROUND**

    Plaintiff brings this action against James Cowab, a Camden County law enforcement official; Camden County Counsel; Scibal Associates, the claims administrator for Camden County; and the

State of New Jersey, Department of Treasury, Bureau of Risk Management.  Plaintiff's pleading consists of a prisoner civil rights complaint form and over 50 pages of exhibits.  Instead of setting forth facts in the body of the Complaint, Plaintiff incorporates the attachments as his statement of claim.

This Court gleans the following factual assertions from the documents attached to, and incorporated in, the Complaint.[1]  On February 9, 2004, while Plaintiff was released on federal probation or parole, the incident which is the subject of this Complaint occurred at Plaintiff's Cherry Hill home in a gated community.  At approximately 8:00 a.m., members of the U.S. Marshal's Fugitive Task Force and a team of Postal Inspectors arrived at the gate of his community to arrest Plaintiff for violation of probation or parole.  Plaintiff asserts that, before opening the gate, he informed the officials that he had no weapons and he did not intend to resist.  Plaintiff alleges that, as soon as he opened the gate, task force members slammed him against a wall, handcuffed him, and proceeded to savagely beat him.  Plaintiff was later taken to the Frankford Hospital Emergency Department, located in Philadelphia.  According to the medical records attached to the Complaint, Plaintiff suffered

---

[1] This Opinion mentions only the factual allegations that are relevant to the legal analysis of Plaintiff's federal claims.

blindness in his left eye, head trauma, facial contusions, and injuries to his spine.

Plaintiff asserts that he did not know which law enforcement officials were involved in the incident, as they belonged to the U.S. Marshal's fugitive task force. He alleges that he filed a written notice of claim with the Postal Inspection Service on April 2, 2004, and that the Federal Bureau of Investigation began an internal investigation of the incident on April 3, 2004.

Plaintiff asserts that on November 15, 2005, FBI Special Agent Ron Roman advised him that the FBI had completed its investigation. Roman allegedly told Plaintiff that James Cowab, a Camden County official, used excessive force against Plaintiff, and that Camden County was taking disciplinary action against Cowab. Plaintiff states that he did not know that Camden County Agent James Cowab was involved in the incident until Roman informed him on November 15, 2005.

On January 26, 2006, Plaintiff filed a notice of tort claim with Camden County, which County Counsel rejected as untimely on February 3, 2006. On February 8, 2006, Plaintiff filed a tort claim notice with the State of New Jersey, Bureau of Risk Management. The claim was rejected on February 23, 2006, as untimely. On September 29, 2006, Plaintiff filed a motion in the Superior Court of New Jersey for an order permitting him to file a late tort claim, which the Court denied on November 2, 2006.

## **II.  LEGAL STANDARD FOR SUA SPONTE DISMISSAL**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King

4

& Spalding, 467 U.S. 69, 73 (1984)); see also Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004).

### III.  DISCUSSION

Federal courts are courts of limited jurisdiction.  See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884).  "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986).  A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority."  U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal constitutional rights by a person who was acting under color of state law.  Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970).

"When evaluating a claim brought under § 1983, we must first 'identify the exact contours of the underlying right said to have been violated' in order to determine 'whether [plaintiff] has alleged a deprivation of a constitutional right at all." Natale v. Camden County Correctional Facility, 318 F.3d 575, 581 (3d Cir. 2003) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 841 n.5 (1998)).  If so, the Court determines whether the defendant can be held liable for that violation.  Natale, 318 F.3d at 581; Berg v. County of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000).

A.  Excessive Force

Plaintiff alleges that members of a U.S. Marshal's Fugitive Task Force beat him on February 9, 2004, during his arrest for violation of federal probation or parole.  This  Court construes these allegations as a potential excessive force claim under the Fourth Amendment, applicable to states through the Fourteenth Amendment.

The Fourth Amendment provides:  "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.  "To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable." Abraham v. Raso, 183 F.3d 279, 288 (3d Cir. 1999); see also Kopec v. Tate, 361 F.3d 772, 776 (3d Cir. 2004).  "The use of excessive force is itself an unlawful 'seizure' under the Fourth Amendment." [2] Couden v. Duffy, 446 F.3d 483, 496 (3d Cir. 2006); see also Graham v. Connor, 490 U.S. 386, 395 (1989); Nelson v. Jashurek, 109 F.3d 142 (3d Cir. 1997); United States v. Johnstone, 107 F.3d 200, 204 (3d Cir. 1997).

To determine reasonableness, the Court asks whether the officer's conduct was "objectively reasonable" in light of the totality of the facts and circumstances known by the officer at the time.  Kopec, 361 F.3d at 776.  Proper application of the reasonableness standard "requires careful attention to the facts

---

[2] "A 'seizure' triggering the Fourth Amendment's protections occurs only when government actors have, by means of physical force or show of authority. . . . in some way restrained the liberty of a citizen." Graham v. Connor, 490 U.S. 386, 395 n.10 (1989).

7

and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396; accord Mosley, 102 F.3d at 95; Baker v. Monroe Tp., 50 F.3d 1186, 1193-93 (3d Cir. 1995). Other reasonableness factors include "the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time." Sharrar v. Felsing, 128 F.3d 810, 822 (3d Cir. 1997). "In evaluating reasonableness, the court must take into consideration the fact that 'police officers are often forced to make split-second judgments - in circumstances that are tense, uncertain, and rapidly evolving - about the amount of force that is necessary in a particular situation.'" Couden, 447 F.3d at 497 (quoting Graham, 490 U.S. at 397). The Court should not apply "the 20/20 vision of hindsight," but should instead consider the "perspective of a reasonable officer on the scene." Graham, 490 U.S. at 396. Generally, Fourth Amendment reasonableness is a question of fact. Kopec, 361 F.3d at 777.

    In this case, Plaintiff asserts that law enforcement officials from the Marshal's Fugitive Task Force savagely beat him, even though he was a non-violent offender and he did not

8

possess a weapon, resist arrest, or attempt to flee.  Plaintiff may be able to establish that James Cowab, a Camden County official, is liable under § 1983 for use of excessive force in violation of the Fourth Amendment.

Plaintiff also names Camden County Counsel, Scibal Associates, and the State' Bureau of Risk Management, as Defendants.  However, the Bureau of Risk Management, a state agency, is not a "person" subject to suit under § 1983.  See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Moreover, the Eleventh Amendment bars a damage action under § 1983 against the State of New Jersey.  See Hafer v. Melo, 502 U.S. 21, 26 (1991); Quern v. Jordan, 440 U.S. 332 (1979).  In addition, neither Scibal Associates nor Camden County Counsel are liable under § 1983 for the alleged Fourth Amendment violation. The only involvement these Defendants had, according to the documents attached to the Complaint, was to reject Plaintiff's notice of tort claim, which occurred long after the alleged use of excessive force.[3]  Thus, this Court will dismiss Camden County

---

[3] A defendant may be liable under § 1983 where he violated Plaintiff's rights himself, directed others to violate them, tolerated past or ongoing misbehavior of subordinates, or had knowledge of and acquiesced in constitutional violations by subordinates.  See Baker v. Monroe Township, 50 F.3d 1186, 1190-91 (3d Cir. 1995); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  A county such as Camden County "cannot be held liable solely because it employs a tortfeasor."  Monell v. New York City Dept. of Social Services, 436 U.S. 658, 691 (1978).  To establish municipal liability under § 1983, "a plaintiff must
(continued...)

Counsel, Scibal Associates, and the Bureau of Risk Management as Defendants.[4]

B.  Statute of Limitations

Plaintiff complains about James Cowab's use of excessive force on February 9, 2004, but he did not execute this Complaint until over two years later on December 5, 2006.  The statute of limitations on civil rights claims is governed by New Jersey's two-year limitations period for personal injury.  See Wilson v. Garcia, 471 U.S. 261, 276 (1985); O'Connor v. City of Newark, 440 F.3d 125, 126-27 (3d Cir. 2006); Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989).  This statute requires that "an action for an injury to the person caused by a wrongful

---

[3](...continued)
show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom."  Bielevicz v. Dubinon, 915 F.3d 845, 850 (3d Cir. 1990).

[4] This Court could exercise supplemental jurisdiction over state claims under the New Jersey Tort Claims Act.  However, Plaintiff's attachments show that, by order filed November 2, 2006, the Superior Court of New Jersey, Law Division, denied Plaintiff's motion to file a late state tort claim against the Defendants named in this Complaint.  See Brown v. Marrero, Docket No. L-6221-06 (N.J. Super., Law Div., Nov. 2, 1996).  Since "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action," Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981), Plaintiff's tort claims against those Defendants is barred by res judicata.  This Court declines to exercise supplemental jurisdiction over tort claims under the NJTCA.

act, neglect, or default, must be convened within two years of accrual of the cause of action." Cito, 892 F.2d at 25 (quoting Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987)). Under federal law governing the accrual of § 1983 claims, "the limitations period begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action." [5] Montgomery, 159 F.3d at 126 (quoting Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991)); see also Sameric Corp. of Del., Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998).

In this case, Plaintiff alleges that Cowab violated his Fourth Amendment rights by using excessive force on February 9, 2004. Although the statute of limitations on this excessive force claim would normally accrue on February 9, 2004, when the act of wrongdoing allegedly occurred, see Montgomery, 159 F.3d at 126, this may not be the case as to Cowab. Plaintiff alleges that he was not aware that Cowab was involved in the incident until the FBI identified Cowab on November 15, 2005. Liberally

---

[5] However, this rule does not apply when a plaintiff brings a § 1983 action that, if successful, would demonstrate that the plaintiff's underlying criminal conviction or imprisonment is invalid. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Gibson v. Superintendent of N.J. Dep't of Law & Public Safety, 411 F.3d 427, 435 (3d Cir. 2005). In that situation, the cause of action does not arise until the conviction or sentence is invalidated, and the statute of limitations does not begin to run until the time of such invalidation. Heck, 512 U.S. at 489; Gibson, 411 F.3d at 435.

11

construing Plaintiff's allegations, this Court will presume, at this state of the litigation, that Plaintiff did not know that any Camden County officials were involved in the incident until the FBI told him in November 2005.  Under these circumstances, it is not clear from the face of the Complaint that the claim against Cowab accrued prior to November 15, 2005.  This Court will allow the Fourth Amendment excessive force claim to proceed at this juncture against Defendant James Cowab.

## IV.  CONCLUSION

For the reasons set forth above, the Court will grant <u>in forma pauperis</u> status, dismiss three Defendants, and allow the Fourth Amendment excessive force claim to proceed against James Cowab.  An appropriate Order accompanies this Opinion.


                       s/ Jerome B. Simandle
                       **JEROME B. SIMANDLE, U.S.D.J.**


Dated: **February 2,** , 2007