IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

```
───────────────────────────
                            :
JASON P. BROWN,             :     HON. JEROME B. SIMANDLE
                            :
              Plaintiff,    :     Civil No. 06-6095 (JBS)
                            :
         v.                 :
                            :        OPINION
CAMDEN COUNTY COUNSEL, et al.,
                            :
              Defendants.   :
                            :
───────────────────────────
```

APPEARANCES:

Mr. Jason P. Brown
FCI Fairton
P.O. Box 420
Fairton, New Jersey 08320
     Plaintiff pro se

Christopher J. Christie
United States Attorney
     By:  Pamela R. Perron
          Assistant United States Attorney
OFFICE OF THE U.S. ATTORNEY
970 Broad Street
Newark, New Jersey 07102
     Attorney for Defendants

**SIMANDLE**, District Judge:

This matter comes before the Court upon the motion to
dismiss [Docket Item No. 48] filed by Charles J. Dudek, Howard
Goodwin, Gerald M. Auerbach, and Kenneth King ("the moving
defendants").  Pursuant to 28 U.S.C. § 2679(d)(1), the moving
defendants request that the United States of America be
substituted as the sole defendant.  In addition, the moving
defendants ask this Court to dismiss the claim against the United
States for lack of subject matter jurisdiction under Fed. R. Civ.

P. 12(b)(1) because Plaintiff failed to timely exhaust his administrative remedies.  For reasons explained below, the Court shall grant the motion and dismiss all claims against Dudek, Goodwin, Auerbach, King, and the United States.

I.   **BACKGROUND**

    A.   <u>Facts</u>

    Plaintiff is a federal prisoner currently confined at the Federal Correction Institution at Fairton, New Jersey.  A warrant for Plaintiff's arrest was issued on December 21, 2002, for his failure to report to his parole officer on a timely basis. (Warrant for Arrest at 1, Ex. A to Pamela Perron's Decl.) Plaintiff alleges that federal law enforcement officers repeatedly beat him about the face and upper body during his arrest on February 9, 2004.  (Complaint, <u>Brown v. Dudek</u>, at 1; Docket Item No. 1 to <u>Brown v. Dudek</u>, Civil No. 06-4891, hereinafter referred to as "Pl.'s Compl.".)  As a result, Plaintiff seeks damages in the amount of $25,000,000 for the injuries he sustained during the arrest.  (Final Administrative Tort Claim at 1, Ex. A to Khlayer Graves Sowell's Decl.) Plaintiff's claims arise under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401, 2671-80, and <u>Bivens v. Six Unknown name Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388

(1971).[1]  However, Plaintiff's <u>Bivens</u> claim has previously been dismissed by this Court because the claim was untimely.  <u>See</u> <u>Brown v. Dudek</u>, No. 06-4891, 2007 U.S. Dist. LEXIS 31577, at *7-15 (D.N.J. Apr. 25, 2007).

Defendant Howard Goodwin ("Goodwin") was an inspector for the United States Postal Service ("USPS") at the time of the incident in question.  <u>See</u> (Certification of Scope of Employment at 2, Attach. 1 to Defs.' Answer, Docket Item No. 17 to <u>Brown v.</u> <u>Dudek</u>, Civil No. 06-4891.)  Defendant Charles J. Dudek ("Dudek") was Chief Counsel for the USPS from April 19, 2003 to February 16, 2007.  (Conny Davinroy Beatty's Decl. ¶ 1.)  Kenneth King ("King"), who was present at the arrest, was and still is a Deputy U.S. Marshal, and Gerald M. Auerbach ("Auerbach") was General Counsel to the United States Marshal Service ("USMS") in February of 2004.  (Jessica Born's  Decl. ¶¶ 1-2.)

B.   <u>Procedural History</u>

Plaintiff attempted to properly notify the USMS and the USPS by sending three administrative tort claims, dated April 2, 2004, January 9, 2006, and February 7, 2006.

Plaintiff first notified the United States Postal Inspection Service ("USPIS") through a letter dated April 2, 2004.  (Pl.'s Compl. at 79-80, 82.)  The letter discussed the arrest that

---

[1]  Plaintiff also asserts claims [Docket No. 3] against Defendant James Cowab, which are not the subject of this motion or Opinion.

occurred in February of 2004.  (Id.)  The moving defendants allege that the letter was not sent until January 17 and 30 of 2006, however, and the return receipt attached to the letter shows that the USPIS received two copies of the letter on January 17 and 30 of 2006.  (Defs.' Mot. at 3; Pl.'s Compl. at 82.)  An additional copy of the letter was sent to the USMS and, according to the return receipt, the USMS received the letter on January 30, 2006.  (Pl.'s Compl., Brown v. Auerbach at 25, Docket Item No. 2 to Brown v. Dudek, Civil No. 07-1158; hereinafter referred to as "Pl.'s Compl.(2)".)  However, Plaintiff alleges that the letter was mailed to the USMS on January 17 and 30 of 2006, though he only includes a return receipt that bears the date January 30, 2006.  (Id.)  Even though the USMS, one of the proper agencies, received this correspondence from Plaintiff, the USPS never received this letter.[2]  Regardless of when it was sent and received, the letter did not state the amount of money damages that Plaintiff sought.

---

[2]  The letter dated April 2, 2004 stated that Plaintiff "was a white collar criminal who was on parole, after having served time for mail fraud."  The letter further stated that Plaintiff was at his home at the time of the arrest, which was a gated community where only residents could access their respective home.  Plaintiff alleged that when he came to open the door he indicated that he did not have any weapons nor intend to put up any resistance.  Plaintiff contends that he was "slammed against the wall by the marshals and postal inspectors, handcuffed and then repeatedly beaten about the face and upper body."  (Initial Administrative Tort Claim, Pl.'s Compl. at 75; Pl.'s Compl.(2) at 25.)

Plaintiff sent his second administrative tort claim again to the USPIS, the correspondence[3] dated January 9, 2006, was received by the USPIS on January 12, 2006. (Beatty's Decl. ¶ 2; Ex. 1 to Beatty's Decl.)  The USPIS forwarded the letter to one of the proper agencies, the USPS, but not the USMS. (Beatty's Decl. ¶ 2.)  However, the USPS failed to note what day it received the letter.  (Id.)  This letter also did not include a demand for a sum certain.  (Id.)  The return receipt for Plaintiff's notice showed that the USPIS received his document on January 12, 2006; however, another return receipt, which has the same tracking number as the former receipt, shows that the USPIS received the initial administrative notice (dated April 2, 2004) on January 17, 2006.  (Pl.'s Compl. at 82.)

Plaintiff sent his final administrative tort claim, dated February 7, 2006, to the Director of the Tort Branch within the DOJ. (Final Administrative Tort Claim at 1-3, Ex. A to Sowell's Decl.)  It is undisputed that the DOJ received Plaintiff's final administrative tort claim on February 10, 2006.  The record

---

[3]  The correspondence included the same allegations discussed in the former letter dated April 2, 2004.  Though in addition, Plaintiff stated that due to the excessive force used against him during his arrest, he suffered severe back pain, continuous headaches, and had several molars extracted from his jaw.  Plaintiff also noted that the excessive force used against him constituted a "flagrant violation" of his Civil Rights and human decency.  Lastly, Plaintiff noted that in November of 2008, Special Agent Ron Roman of the FBI concluded that "excessive force conduct was committed during the arrest."  (Second Administrative Tort Claim at 2-4, Ex. 1 to Beatty's Decl.)

includes two return receipts that bear the Tort Division's (of the DOJ) address.  (Pl.'s Compl. at 56, 63; Sowell's[4] Decl. ¶ 3; Pl.'s Compl.(2) at 19.)  Because Plaintiff sent his final notice to the wrong agency, Mary J. Touhey ("Touhey"), a DOJ trial attorney, and Phyllis J. Pyles ("Pyles"), the director of the Torts Branch of the DOJ, sent letters on March 27, 2006 and May 5, 2006, respectively, to the USMS, the USPS, and Plaintiff explaining that the purpose of the letters was to send Plaintiff's notice to the appropriate agency.  (Pl.'s Compl. at 53-54, 57-58.)  Within Beatty's declaration she stated that the USPS received the administrative tort claim on April 10, 2006 from the DOJ.  (Beatty's Decl. ¶ 3.)  In addition, Born's declaration stated that the USMS received Plaintiff's administrative tort claim on April 12, 2006.  (Born's Decl. ¶ 3.)  Again this notice included all of Plaintiff's former allegations as to what occurred on February 9, 2004.  (Final Administrative Tort Claim at 1-3, Ex. A to Sowell's Decl.)  Plaintiff wrote that due to the injuries, humiliation, embarrassment, and emotional and physical distress he suffered from, he sought $25,000,000.  (Id.)  Thus, the final administrative tort claim requested a sum certain, but was not received by the DOJ until February 10, 2006, by the USPS until April 10, 2006, and by the USMS until April 12,

---

[4]  In Sowell's declaration, she states that FTCA claims that arise from activities of the USPS or the USMS are handled by the respective agency.  (Sowell's Decl. ¶ 2.)

2006.

On April 27, 2006, Auerbach wrote to Plaintiff and explained that the

> [FTCA] bars any claim that is not received by the appropriate Federal agency within two years after such claim accrues, 28 U.S.C. § 2401(b).  The claim received by the DOJ on February 10, 2006, concerned events alleging to have occurred on February 9, 2004; therefore, [Plaintiff's] claim [was] time-barred.  For the above reason, the administrative tort claim [Plaintiff] filed against the United States in the amount of $25,000,000.00 is denied.

(Ex. B to Born's Decl.)

In response to Auerbach's letter, Plaintiff filed a so-called Notice to Cure Error on May 26, 2006, which the USMS treated as a request for reconsideration.  (Born's Decl. ¶ 5.) The USMS and the USPS received the notice on June 5, 2006. (Notice to Cure Error at 1, Ex. C to Born's Decl.)  In it, Plaintiff stated that he did file timely claims and that the two prior claims should be considered.  (Id.)  Because Plaintiff has filed the instant action, the USMS has not issued a decision on Plaintiff's request for reconsideration.  (Born's Decl. ¶ 6.)

Beatty wrote to Plaintiff on June 9, 2006, notifying Plaintiff that because the USMS was the first to take action and denied his untimely claim on April 27, 2006, his claim was denied by all other federal agencies involved in the incident, thus the

7

USPS also denied his claim.[5]

Plaintiff filed suit against both the USPS and the USMS on October 12, 2006 (Civil Action No. 06-4891) and March 12, 2007 (Civil Action No. 07-1158), respectively.  Judge Kugler <u>sua sponte</u> consolidated the two claims on April 27, 2007, and in a screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, dismissed Plaintiff's "<u>Bivens</u> claim alleging excessive force by defendants in violation of his Fourth Amendment rights . . . as time-barred," but declined to dismiss Plaintiff's FTCA claim, which appeared to be "both timely and exhausted."  <u>See</u> <u>Brown v. Dudek</u>, 2007 U.S. Dist. LEXIS 31577, at *20.  Judge Kugler ruled that Plaintiff's FTCA claim appeared to be timely and exhausted because on the record before the Court at the initial screening phase, Plaintiff appeared to have presented his claim to the Government on time as he signed his administrative tort claim on February 7, 2006, two days before his expiration of a timely claim.  <u>Id.</u> at *14.  Thus, the matter was permitted to proceed.

On August 1, 2006, within the moving defendants' Answer, they attached a Certification of Scope of Employment regarding

---

[5]  USPS's denial was pursuant to 28 C.F.R. § 14.2(b)(3), which states: "Where a claim arising from an incident is presented to more than one Federal agency without any indication that more than one agency is involved, and any one of the concerned Federal agencies takes final action on that claim, the final action thus taken is conclusive on the claims presented to the other agencies in regard to the time required for filing suit set forth in 28 U.S.C. § 2401(b)."

Dudek, Goodwin, Auerbach, and King, certifying that all of the moving defendants acted within the scope of their federal employment. (Ex. 1 to Defs.' Answer, Docket Item No. 17 to <u>Brown v. Dudek</u>, Civil No. 06-4891.)

## II.   STANDARD OF REVIEW

The Supreme Court has noted that this Court's jurisdiction is limited:

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, <u>see Willy v. Coastal Corp.</u>, 503 U.S. 131, 136-137 (1992); <u>Bender v. Williamsport Area School Dist.</u>, 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree, <u>American Fire & Casualty Co. v. Finn</u>, 341 U.S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, <u>Turner v. Bank of North-America</u>, 4 U.S. 8 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 182-183 (1936).

<u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994).

Challenges to subject matter jurisdiction under Rule 12(b)(1) may be "facial" or "factual." Facial attacks challenge the sufficiency of the Complaint's allegations, so a court adjudicating a facial attack must accept those allegations as true. <u>Emerson Elec. Co. v. Le Carbone Lorraine</u>, 500 F. Supp. 2d 437, 443 (D.N.J. 2007).

But this motion to dismiss is a factual attack on

jurisdiction because it asks the Court to determine whether
Plaintiff actually exhausted administrative remedies in
compliance with the FTCA.  Factual attacks allow the Court to
look beyond the allegations of the Complaint and do not require
the Court to presume Plaintiffs' allegations are true.

> [A] trial court considering a factual attack
> accords plaintiff's allegations no presumption
> of truth.  In a factual attack, the court must
> weigh the evidence relating to jurisdiction,
> with discretion to allow affidavits,
> documents, and even limited evidentiary
> hearings. In Cestonaro v. United States, 211
> F.3d 749 (3d Cir. 2000), we said, "Because the
> government's challenge to the District Court's
> jurisdiction was a factual one under Fed. R.
> Civ. P. 12(b)(1), we are not confined to the
> allegations in the complaint (nor was the
> District Court) and can look beyond the
> pleadings to decide factual matters relating
> to jurisdiction." Id. at 752 (citation
> omitted).

Turicentro v. Am. Airlines, 303 F.3d 293, 300 n.4 (3d Cir. 2002)
(citations omitted).  In "factual" Rule 12(b)(1) attacks on
jurisdiction,

> no presumptive truthfulness attaches to
> plaintiff's allegations, and the existence of
> disputed material facts will not preclude the
> trial court from evaluating for itself the
> merits of jurisdictional claims.  Moreover,
> the plaintiff will have the burden of proof
> that jurisdiction does in fact exist.

Mortensen v. First Fed. Sav. and Loan, 549 F.2d 884, 891 (3d Cir.
1977).  Further, "the court [is] not confined to allegations in
the plaintiff's complaint, but [may] consider affidavits,
depositions, and testimony to resolve factual issues bearing on

jurisdiction."  <u>Gotha v. United States</u>, 115 F.3d 176, 179 (3d Cir. 1997).[6]

As Judge Kugler explained,

> The FTCA gives a district court exclusive jurisdiction over civil actions
>
>> [1] against the United States, [2] for money damages, … [3] for injury or loss of property, … [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.
>
> <u>Deutsch v. United States</u>, 67 F.3d 1080, 1091 (3d Cir. 1995) (quoting 28 U.S.C. § 1346(b)); <u>see also</u> <u>FDIC v. Meyer</u>, 510 U.S. 471, 477, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994); <u>United States v. Muniz</u>, 374 U.S. 150, 83 S. Ct. 1850, 10 L. Ed. 2d 805 (1963). However, a district court lacks jurisdiction over a federal tort claim unless the claimant has first exhausted administrative remedies. <u>See</u> 28 U.S.C. § 2675(a); <u>see also</u> <u>McNeil v. United States</u>, 508 U.S. 106, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993); <u>Deutsch</u>, 67 F.3d at 1091. Specifically, 28 U.S.C. § 2675(a) provides, in pertinent part:
>
>> An action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the

---

[6] "Nor will the Court convert these motions to dismiss into motions for summary judgment, as Rule 12(b) permits, because these motions were filed in lieu of Answers, shortly after the Amended Complaint was served and likely before any substantial discovery occurred." <u>Emerson Elec. Co. v. Le Carbone Lorraine</u>, 500 F. Supp. 2d 437, 443 (D.N.J. 2007).

appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

Additionally, a tort claim against the United States is time-barred unless a claimant presents the claim in writing to the appropriate Federal agency within two years after the claim accrues, and files the action in the district court within six months of notice by certified or registered mail of a final decision of the claim by the agency to which it was presented. <u>See</u> 28 U.S.C. § 2401(b); <u>Pascale v. United States</u>, 998 F.2d 186, 190 (3d Cir. 1993). The requirements that a claimant timely present his claim and that he do so in writing for a sum certain are jurisdictional prerequisites to a suit in the district court. <u>Deutsch</u>, 67 F.3d at 1091.

<u>Brown v. Dudek</u>, 2007 U.S. Dist. LEXIS 31577, at *4-18.

Thus, while on screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Complaint appeared to indicate that Plaintiff had timely and properly exhausted his administrative remedies, on this motion to dismiss pursuant to 12(b)(1), the Court must view the Complaint along with evidence relating to Plaintiff's communications with the Government about this incident to determine whether the Court has jurisdiction over this action. <u>See</u> Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). For the reasons explained below, the

12

Court finds that Plaintiff failed to timely present his claim to the federal government and that, therefore, the Court lacks subject matter jurisdiction over the claims at issue against the moving defendants.

**III. DISCUSSION**

    A.   <u>Dismissal of Moving Defendants and Substitution of the United States</u>

The moving defendants argue that they all acted within the scope of their employment and thus are immune from this suit because the United States is the proper defendant.

Pursuant to the FTCA, an employee is acting in the scope of his employment, and the United States is the proper defendant, if the Attorney General certifies that the employee was acting within the scope of his employment.  28 U.S.C. § 2679(d)(1); <u>Schrob v. Catterson</u>, 967 F.2d 929, 934 (3d Cir. 1992).  The United States consents to be the sole defendant in matters when its employee, acting within the scope of his employment, commits a negligent or wrongful act or omission.  28 U.S.C. § 1346(b)(1).

In the present case, the Attorney General has certified that the moving defendants were acting within the scope of their employment at all times alleged in the complaint.  See (Attach. 1 to Defs.' Answer, Docket Item No. 17 to Brown v. Dudek, Civil No. 06-4891.)

Plaintiff's opposition brief was sent to the moving defendants, but was not filed on the docket or otherwise

13

transmitted to this Court by Plaintiff.  The Court received it from the moving defendants who attached it to a letter to the undersigned.  It has not been filed to the Clerk.  Therefore, under Local Civil Rule 7.1(d)(2), the opposition was not proper, and the Court need not consider it pursuant to Local Civil Rule 7.1(d)(7).

Nevertheless, the Court will consider it in the light of Plaintiff's pro se status and finds that substitution of the United States as the sole defendant is proper.  Under 28 U.S.C. § 2679(d)(1), the Attorney General certification that these moving defendants were acting within the scope of employment is "prima facie evidence that the challenged conduct occurred within the scope of employment."  Schrob, 967 F.2d at 936.  However, Plaintiff may challenge the certification and, if so, Plaintiff has "the burden of coming forward with specific facts rebutting it."  Id.

Plaintiff's opposition points to no facts from which the Court could find the moving defendants were acting outside the scope of their employment.  Plaintiff's sole statement relating to this issue is that the moving defendants used excessive force against him, and thus they were not acting within the scope of their employment and the United States should not be substituted

14

as the sole defendant.[7]  (Pl.'s Opp'n at 4.)  Plaintiff refers
only in general to the use of excessive force, for example, he
has not presented specific facts that depict what was the actual
scope of the moving defendants' employment, and how they acted
outside of that scope.  In fact, two of the moving defendants
(Dudek and Auerbach) were not even alleged to be present at the
incident or to have used excessive force against Plaintiff.
(Beatty's Decl. ¶ 1; Born's Decl. ¶ 1.)

        Because no specific facts are alleged as to the moving
defendants in general or in particular that rebut the Attorney
General's certification, the moving defendants are immune from
this suit.  Accordingly, the FTCA requires that Plaintiff may sue
only the United States for the alleged violation of tort law and
he must do so pursuant to the FTCA.  The United States must be
substituted as the sole defendant for the claims against those
identified.  For these reasons, the Court will grant the
dismissal of the moving defendants, Dudek, Goodwin, Auerbach, and
King, and substitute the United States as the sole defendant in
their stead.

---

        [7]  Plaintiff bases his argument on the false assumption that
his Fourth Amendment Bivens claim against the moving defendants
exist in this action -- they do not.  See Brown v. Dudek, 2007
U.S. Dist. LEXIS 31577, at *7-15 (dismissing constitutional
claims).  Only the FTCA claims remain.

B.   Whether Plaintiff Exhausted His Administrative Remedies
     And Whether The Court Retains Subject Matter
     Jurisdiction

In his complaint and his opposition to this motion, Plaintiff argues that he has exhausted his administrative remedies by notifying the USPIS and the DOJ of his FTCA claim against the moving defendants prior to February 9, 2006.  The moving defendants contend that the first two notices were incomplete and the third was untimely and that this Court therefore lacks subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies.

Under the FTCA, the sovereign immunity of the United States is waived for certain torts committed by Federal employees.  See 28 U.S.C. § 1346(b).  A claim under the FTCA must be (1) against the United States, (2) for money damages, (3) "for injury or loss of property, or personal injury or death," (4) caused by the negligent or wrongful act or omission of any employee of the United States, (5) "while acting within the scope of his office or employment," (6) "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  Id.  In addition to satisfying these six elements, a plaintiff's claim under the FTCA must comply with the applicable statute of limitations.  Under federal law, tort actions against the United States must be:

16

> [P]resented in writing to the appropriate
> Federal agency *within two years after such
> claim accrues* or unless action is begun within
> six months after the date of mailing, by
> certified or registered mail, of notice of
> final denial of the claim by the agency to
> which it was presented.

28 U.S.C. § 2401(b) (emphasis added).  "The requirements that a

claimant timely present a claim, do so in writing, and request a

sum certain are jurisdictional prerequisites to suit under the

FTCA."  Deutsch, 67 F.3d at 1091.

> As a sovereign, the United States is immune
> from suit save as it consents to be sued.  The
> terms of its consent to be sued in any court
> define the court's jurisdiction to entertain
> the suit. United States v. Sherwood, 312 U.S.
> 584, 61 S. Ct. 767, 85 L. Ed. 1058 (1941).
> Although the Federal Tort Claims Act allows
> suits against the Government for torts
> committed by its employees while in the scope
> of their employment, it specifically requires
> an initial presentation of the claim to the
> appropriate federal agency and a final denial
> by that agency as a prerequisite to suit under
> the Act.  This requirement is jurisdictional
> and cannot be waived.

Bialowas v. United States, 443 F.2d 1047, 1048-49 (3d Cir. 1971);

accord, Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003),

cert. denied, 543 U.S. 874 (2004).

Presenting the completed claim to the appropriate federal

agency occurs when:

> *a Federal agency receives from a claimant*, his
> duly authorized agent or legal representative,
> an executed Standard Form 95 or other written
> notification of an incident, *accompanied by a
> claim for money damages in a sum certain for
> injury to or loss of property, personal*

17

> *injury, or death alleged to have occurred by
> reason of the incident*; and the title or legal
> capacity of the person signing, and is
> accompanied by evidence of his authority to
> present a claim on behalf of the claimant as
> agent, executor, administrator, parent,
> guardian, or other representative.

28 C.F.R. § 14.2(a) (emphasis added).  The procedures to
adjudicate and present tort claims arising specifically out of
activities of the USPS are similar to the language of procedures
that control activities of the USMS.  Presentment includes:

> For purposes of this part, a claim shall be
> deemed to have been *presented when the U.S.
> Postal Service receives from a claimant*, his
> duly authorized agent or legal representative,
> an executed Standard Form 95, Claim for Damage
> or Injury, or other *written notification* of an
> incident, *accompanied by a claim for money
> damages in a sum certain for injury* to or loss
> of property, personal injury, or death alleged
> to have occurred by reason of the incident.

39 C.F.R. § 912.5(a) (emphasis added).  The Third Circuit, in an
unpublished opinion, ruled that plaintiffs carry the burden of
proving receipt (<u>i.e.</u>, by use of a return receipt) of an
administrative claim before the expiration of the two-year time
period.  <u>Medina v. City of Philadelphia</u>, 219 Fed. Appx. 169, 172
(3d Cir. 2007).  The operative date for purposes of submitting a
timely FTCA claim is thus the date on which a complete claim,
including a statement of sum certain, is received by the federal
agency, since both 28 C.F.R. § 14.2(a) and 39 C.F.R. § 912.5(a),
<u>supra</u>, emphasize that a claim is made when the agency "receives

from a claimant" the Standard Form 95 or other written notification.[8]

As stated above in the Code of Federal Regulations, in order to present a proper FTCA claim, Plaintiff is required to state a sum certain.  28 C.F.R. § 14.2(a); 39 C.F.R. § 912.5(a).  "An administrative claim that fails to state a sum certain for money damages does not constitute a proper claim."  Robinson v. United States, 563 F. Supp. 312, 314 (3d Cir. 1983).  In addition, presenting a sum certain is also a jurisdictional prerequisite for a suit under the FTCA.  Santos v. United States, 523 F. Supp. 2d 435, 440 (M.D.Pa. 2007).

Pursuant to the ruling in Medina, 28 C.F.R. § 14.2(a), and 39 C.F.R. § 912.5(a), Plaintiff's FTCA claim is time-barred because all the evidence shows that no proper claim was received by the appropriate agency prior to February 10, 2006, and

---

[8]  The Court has considered the prison mailbox rule, which states that the date a prisoner transmits his document to prison authorities is the actual filing date.  Houston v. Lack, 487 U.S. 266, 275 (1988).  If this rule applied then Plaintiff's claim would be timely because he signed and transmitted the Standard Form 95 to prison authorities on February 7, 2006.  However, if there is a specific statutory and regulatory regime regarding the **receipt** of a court filing or an administrative claim, then the mailbox rule will not be applied.  Fex v. Michigan, 507 U.S. 43, 49-52 (1993).  Cf. Longenette v. Krusing, 322 F.3d 758, 762-65 (3d Cir. 2003) (adopting mailbox rule in non-FTCA case because there was "no . . . conclusive statutory nor regulatory schemes [that] define 'filed' and 'given' as requiring actual receipt").  In the instant case, the mailbox rule does not apply because there is a "clear statutory scheme" requiring receipt of a FTCA claim within two years of the event.  See  28 U.S.C. § 2401(b); 28 C.F.R. § 14.2(a); 39 C.F.R. § 912.5(a).

Plaintiff's time to present his claim expired on February 9, 2006.[9]  There is no dispute that Plaintiff sent his administrative notice to the wrong agency, who received it late, given the fact that Touhey and Pyles sent letters to the USMS, the USPS, and Plaintiff notifying them of the error that Plaintiff made in his presentment to the wrong agency.[10]

Plaintiff concedes that the DOJ received an administrative notice on February 10, 2006.  (Pl.'s Compl. at 63.)  This admission coupled with the return receipt for the final administrative notice and the letters from Touhey and Pyles shows that it is uncontradicted that the DOJ received the notice on February 10, 2006.  Although the claim was forwarded to the correct agency, it was received by even the wrong agency too late

---

[9]  Plaintiff's presentment time period expires on February 9, 2006 because his claim accrued on February 9, 2004.  A claim accrues as soon as the injured party "knew or had reason to know of the injury that constitutes the basis of this action." Oshiver v. Levin Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 (3d Cir. 1994).  "Plaintiff's actual knowledge is irrelevant. Rather, the question is whether the knowledge was known, or through reasonable diligence, knowable.  Moreover, the claim accrues upon knowledge of the actual injury, not that the injury constitutes a legal wrong." Fassanacht v. United States, 1996 WL 41621, at *2 (E.D. Pa. Feb. 2, 1996) (citing Oshiver, 38 F.3d at 1386).

[10]  A claim shall be presented to the Federal agency whose activities gave rise to the claim.  When a claim is presented to any other Federal agency, that agency shall transfer it forthwith to the appropriate agency, if the proper agency can be identified from the claim, and advise the claimant of the transfer.  28 C.F.R. § 14.2(b)(1).

for presentment to be timely.  "The time limits expressed in this statute are jurisdictional and cannot be waived." <u>Shah v. Rhinehart</u>, No. 04-259, 2006 U.S. Dist. LEXIS 44052, at * 22-23 (W.D. Pa. 2006) (citing <u>In re Franklin Savings Corp.</u>, 385 F.3d 1279, 1287 (10th Cir. 2004)).  Further, the fact that Mr. Brown proceeded without benefit of counsel does not excuse him from compliance with all statutory exhaustion requirements under the FTCA, as the Supreme Court held in <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993).

Evidence also indicates Plaintiff sent timely letters to the USMS and the USPIS on April 2, 2004 and on January 9, 2006, respectively.  However, those notices do not suffice for exhaustion purposes because they did not include a claim for a sum certain as the law requires.  As in <u>Robinson</u>, where the plaintiff failed to state a sum certain, Plaintiff also failed to state a sum certain in each of the former letters, and thus his administrative claims were improper.  <u>See Deutsch</u>, 67 F.3d at 1091 (sum certain request is a jurisdictional prerequisite). Because Plaintiff's FTCA claim is untimely and because his previous attempts to notify the respective federal agencies of his FTCA claims lacked any request for a sum certain, the Court grants the moving defendants' 12(b)(1) motion to dismiss.

## III. CONCLUSION

For the foregoing reasons, the moving defendants are

dismissed and the United States is substituted as a defendant. Additionally, Plaintiff's untimely tort claim against the United States is dismissed with prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).


**August 6, 2008**                                         **s/ Jerome B. Simandle**
Date                                                        JEROME B. SIMANDLE
                                                           U.S. District Judge