```
                  IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JASON P. BROWN, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 06-6095 (JBS) |
| v. | |
| CAMDEN COUNTY COUNSEL, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**Simandle, District Judge**:

    1.  This matter is before the Court on Plaintiff's second request for appointment of pro bono counsel [Docket Item 55].

    2.  On June 21, 2007 Plaintiff filed a motion requesting appointment of pro bono counsel. Magistrate Judge Schneider denied the motion on August 29, 2007. Plaintiff never appealed that decision to the undersigned.

    3.  Plaintiff proceeded pro se, filing discovery motions and for default, and opposing two motions to dismiss. Plaintiff continued filing motions, including motions for summary judgment and additional discovery motions.

    4.  On June 13, 2008 Plaintiff filed this second motion requesting pro bono counsel. Plaintiff stated that he was requesting counsel "for ascertaining the complete discovery pursuant to the F.B.I. internal investigation reports and the Office of Inspector General report of there internal investigation 'only'." (Pro Bono Request at 3.) However,

Plaintiff failed to explain his prior efforts at obtaining counsel or to reference the prior adjudication of his motion for appointment of counsel.

5. On August 6, 2008 the Court granted one of the motions to dismiss and terminated all of the federal defendants. It appears that Plaintiff is now seeking to appeal that decision, as he has filed a notice of appeal [Docket Items 71, 72].

6. The Court may, pursuant to 28 U.S.C. § 1915(e)(1), request an attorney to represent an indigent plaintiff in a civil action. See L. Civ. R., App. H. Under 28 U.S.C. § 1915(e) "district courts [have] broad discretion to request an attorney to represent an indigent civil litigant." Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). In exercising that discretion, this Court typically considers (1) the plaintiff's ability to present his or her case; (2) the complexity of the legal issues involved; (3) the degree to which factual investigation will be necessary and the plaintiff's ability to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require expert testimony; and (6) whether the plaintiff can attain and afford legal counsel. Id. at 156-57; Parham v. Johnson, 126 F.3d 454 (3d Cir. 1997).

7. The Court finds that these factors, on balance, weigh against granting Plaintiff's request for pro bono counsel in this

case and shall therefore deny the motion.

8. Preliminarily, it appears that Plaintiff is only seeking appointment of counsel for the limited purpose of determining whether discovery is complete. The parties are encouraged to confer with each other about any outstanding discovery requests.

9. Turning to the <u>Tabron</u> factors, the Court finds that Plaintiff is able to pursue his case on his own, including his requests for discovery; that the issues are not too complex for him to adjudicate without assistance of counsel; that factual investigation may be necessary, but Plaintiff has been successful to date at pursuing such investigation on his own; the case may require credibility determinations; it does not appear that expert testimony will be necessary; and Plaintiff has not documented his efforts to attain legal counsel, but the Court will presume that he cannot attain and afford private counsel. Nevertheless, because Plaintiff is competently representing himself and only appears to request counsel for the limited purpose of compelling further discovery, the Court finds that this case is not a proper case for requesting counsel under <u>Tabron</u> and 28 U.S.C. § 1915(e)(1). An appropriate Order shall be entered.

| | |
|---|---|
| **September 3, 2008** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | U.S. District Judge |