IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON P. BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>CAMDEN COUNTY COUNSEL, et al.,<br><br>    Defendants. | HON. JEROME B. SIMANDLE<br><br>Civil No. 06-6095 (JBS/JS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE**, District Judge:

This matter is before the Court upon Defendant James Cowab's motion to dismiss Plaintiff's complaint as untimely [Docket Item 135]. THIS COURT FINDS AS FOLLOWS:

1. On December 19, 2006, Plaintiff filed his complaint asserting that Defendant James Cowab, and others, used excessive force when arresting Plaintiff on February 9, 2004 in violation of the Fourth Amendment [Docket Item 1]. The sole remaining claim is Plaintiff's Bivens action against Defendant Cowab [Docket Items 2 & 46].[1] See Bivens v. Six Unknown Named Agents

---

[1] The Court initially construed Plaintiff's action to be one under 42 U.S.C. § 1983, because Plaintiff's complaint alleged that Defendant Cowab was a Camden County law enforcement officer [Docket Item 2 at 1]. On May 28, 2008, on Defendant Cowab's motion and with consent of Plaintiff, the Court construed that action as one under Bivens, and not Section 1983, because Cowab was acting as a deputized federal agent during Plaintiff's arrest [Docket Item 46 at 2-3].
    Plaintiff's claims against Camden County Counsel, Scibal Associates, and the New Jersey Bureau of Risk Management, as well as his request for relief under the New Jersey Tort Claims Act, were dismissed in early case screening under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810,

of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  Defendant Cowab has moved to dismiss, arguing that it is evident from the face of the complaint that Plaintiff's claims are barred by the applicable statute of limitations.  Plaintiff responds that he did not learn that Defendant Cowab was one of his alleged attackers until November 15, 2005, and therefore the statute of limitations should be tolled.  For the reasons set forth below, the Court will grant Defendant's motion to dismiss.

    2.  In its review of Defendants' motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  Thus, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, ---U.S. ---, 129 S. Ct. 1937, 1949 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

---

110 Stat. 1321-66 to 1321-77 (April 26, 1996) [Docket Item 2].

3.  A complaint may be dismissed under Rule 12(b)(6) on statute of limitation grounds, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Bethel v. Jendoco Const. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978).  The statute of limitations for a Bivens claim, as for claims arising under 42 U.S.C. § 1983, is borrowed from the forum state's personal injury statute. See Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1993); King v. One Unknown Fed. Corr. Officer, 201 F.3d 910, 913 (7th Cir. 2000) (same statute of limitations applies to actions under Bivens and § 1983).  In New Jersey, the statute of limitations for personal injury claims is two years from when the cause of action accrues.  N.J. Stat. Ann. 2A:14-2.  A civil rights cause of action accrues "when the plaintiff knew or should have known of the injury upon which its action is based." Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998).

4.  It is undisputed that Plaintiff's cause of action accrued on February 9, 2004, that date Plaintiff was injured during arrest, see Sameric Corp., 142 F.3d at 599 and Freeman v. State, 788 A.2d 867, 874 (N.J. Super. Ct. App. Div. 2002) ("Actions grounded on violation of § 1983 based upon police action toward criminal suspects, such as search and seizure, arrest and interrogation, are presumed to have accrued when the action actually occurs"), and thus the statutory period ended on

February 9, 2006, approximately ten months before Plaintiff submitted his present complaint.  Nevertheless, Plaintiff asserts in both his complaint and in opposition to Defendant's motion to dismiss, that he is entitled to equitable tolling because he could not identify Cowab until November 15, 2005.[2]  (Pl. Opp'n at 6.)  Under the discovery rule, according to Plaintiff, the statute of limitations should not begin to run until Plaintiff discovered Cowab's identity.

     5.   Though it is true that New Jersey courts and the law of this circuit permit equitable tolling in certain extraordinary circumstances, Freeman, 788 A.2d at 879-80 and Lake v. Arnold, 232 F.3d 360, 370 n.9 (3d Cir. 2000), equitable tolling is not justified here.  Plaintiff's inability to identify Defendant Cowab does not justify equitable tolling, because Plaintiff could have brought this action naming a fictitious defendant, and later added a name.  Rolax v. Whitman, 175 F. Supp. 2d 720, 727 (D.N.J. 2001), affirmed by 53 F. App'x 635, 638 (3d Cir. 2002); Cruz v. City of Camden, 898 F. Supp. 1100, 1113-15 (D.N.J. 1995) (citing Savage v. Old Bridge-Sayreville Medical Group, 633 A.2d 514 (N.J. 1993)).  Moreover, Plaintiff did learn Cowab's identity several

---

[2] Plaintiff also suggests that the statute of limitations does not begin to run until his conviction for bank fraud is invalidated, citing Heck v. Humphrey, 512 U.S. 477 (1994).  There is no suggestion in Plaintiff's complaint or elsewhere, however, that Plaintiff's claim for excessive force during arrest in any way undermines his conviction following arrest, and so Heck is inapplicable.

4

months before the statute of limitations expired and yet he filed the present complaint more than one year after acquiring this information.  Plaintiff does not offer any explanation for this delay, nor could he allege that Defendant Cowab somehow prevented him from timely learning Cowab's identity.  Under these circumstances, the Court sees no reason to exercise its equitable power to toll the statute of limitations for the ten months that Plaintiff knew both of his injury and the identity of his alleged assailant.[3]  "The discovery rule does not operate here to shift the accrual of [Plaintiff]'s claims, nor should the period be equitably tolled, because [Plaintiff] failed to diligently pursue his claims."  See Rolax, 53 F. App'x at 638.  In general, the purpose of the two-year statute is to give an injury party up to two years to investigate the cause of his injury, to learn the identity of the allegedly responsible defendants, and to file suit.  This purpose was served in this case because Plaintiff learned the agent's identity within the two years after

---

[3] To the extent that today's opinion is inconsistent with language in the Court's February 2, 2007 PLRA screening opinion addressing statute of limitations, that language is merely dicta in an ex parte decision [Docket Item 2].  The holding of that screening opinion was to permit Plaintiff's Fourth Amendment claims against Defendant Cowab to proceed past the preliminary stage.  The screening opinion left open the possibility for equitable tolling based upon later development of the facts.  Those facts have now been obtained, and equitable tolling is unavailable here.

Plaintiff's cause of action accrued, yet he failed to bring his claim in a timely fashion.

6.  The Court will consequently grant Defendant Cowab's motion to dismiss.  The accompanying Order shall be entered.


**December 17, 2009**        **s/ Jerome B. Simandle**
Date                          JEROME B. SIMANDLE
                              United States District Judge